BRANDON FOX (SBN 290409)
bfox@jenner.com
JAN A. LARSON (SBN 339835)
janlarson@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

DOUGLAS E. LITVACK (Pro Hac Vice)
douglitvack@jenner.com
CHRISTOPHER G. RENNER (Pro Hac Vice)
crenner@jenner.com
CHRISTOPHER J. ABBOTT (Pro Hac Vice)
Christopher.abbott@jenner.com
JENNER & BLOCK LLP
1099 New York Ave
NW #900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Continued on Following Page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| The PLS.com, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>The National Association of Realtors, et al.,<br><br>          Defendants. | Case No. 2:20-cv-04790-JWH-E<br><br>**ORDER ESTABLISHING A PROTOCOL FOR REMOTE DEPOSITIONS**<br><br>Hon. Charles F. Eick |

CHRISTOPHER SHEEHAN (Pro Hac Vice)
csheehan@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527 0484

*Attorneys for Plaintiff The PLS.com, LLC*

ETHAN GLASS
eglass@cooley.com
COOLEY LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005-3314
Telephone: (202) 776-2244

*Attorney for Defendant*
*The National Association of REALTORS®*

JERROLD ABELES
jerry.abeles@afslaw.com
ARENTFOX SCHIFF LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7407
Facsimile: (213) 629-7401

BRIAN D. SCHNEIDER
brian.schneider@afslaw.com
ARENTFOX SCHIFF LLP
1717 K Street NW
Washington, DC 20006
Telephone: (202) 715-8590
Facsimile: (202) 857-6395

*Attorneys for Defendants*
*Midwest Real Estate Data, LLC and Bright MLS, Inc.*

ROBERT HICKS
Robert.hicks@streamkim.com

STREAM KIM HICKS WRAGE & ALFARO, PC
3403 Tenth Street, Suite 700
Riverside, CA 92501

*Attorney(s) for Defendant*
*California Regional Multiple Listing Service, Inc.*

**ORDER ESTABLISHING A PROTOCOL**

**FOR REMOTE DEPOSITIONS**

WHEREAS, the parties have agreed that it will be necessary to conduct certain depositions remotely (the "Remote Depositions"), are in the process of scheduling such depositions, and have agreed upon the means by which they will conduct the Remote Depositions;

WHEREAS, pursuant to Rule 29(a) of the Federal Rules of Civil Procedure, the parties may stipulate that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified – in which event it may be used in the same way as any other deposition";

WHEREAS, pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, the parties "may stipulate . . . that a deposition be taken by telephone or other remote means";

NOW, THEREFORE, it is ORDERED that the Remote Depositions shall proceed subject to the following rules and procedures, which have been agreed upon by the parties:

**A. DEFINITIONS**

1. "Remote Deposition Video Platform" shall mean any videoconferencing service platforms designated by either party for hosting the Remote Deposition.

2. "Remote Deposition Exhibit Platform" shall mean Zoom or any software applications designated by either party for displaying exhibits during the Remote Deposition.

**B. REMOTE DEPOSITION PLATFORM**

3. Remote Depositions shall be conducted using Zoom or a comparable video conference service as the Remote Deposition Video and Exhibit Platforms.

4. The defending attorney shall be responsible for ensuring that a party witness is capable of accessing the Remote Deposition Video and Exhibit Platforms. The noticing attorney shall be responsible for ensuring that a non-party witness and the non-party witness's counsel is capable of accessing the Remote Deposition Video and Exhibit Platforms. A party may change the Remote Deposition Video and Exhibit Platforms only upon four days' written notice to the other party.

5. All private chat features on the Remote Deposition Video and Exhibit Platforms shall be disabled.

**C. NOTICE**

6. Any party or the witness shall have the right to elect to proceed with a Remote Deposition rather than an in-person deposition; provided, however, that any party shall have the right to attend the deposition in person even if others participate by remote means.

7. For each Remote Deposition, any person intending to join the Remote Deposition must be disclosed to all parties at least one day in advance of the Remote Deposition that they will be joining. Notwithstanding the above, this disclosure requirement does not apply to participants from the law firms of record in the above captioned lawsuit, the witness, the court reporter, the videographer, or the operator.

**D. CONDUCT OF THE REMOTE DEPOSITIONS**

8. The witness, the questioning attorney, and the defending attorney shall keep their cameras turned on while the Remote Deposition is being conducted. All other participants shall keep their cameras off at all times, except as otherwise directed by the court reporter. The court reporter and videographer may also appear on camera as appropriate to facilitate the Remote Deposition. If the witness is physically appearing in the same room with any participant, separate video cameras may be used to show the witness and the participant, to the extent the participant is required to be on camera. It shall be the responsibility of any Participant in the same room as the witness to use physical distance, directional microphones, and/or other means to ensure that the witness's testimony does not suffer from echoes or feedback. To the extent any audio issues cannot

be resolved through these means, the witness and participant may appear on the same video sharing the same audio.

9. The questioning attorney shall use, or shall ask the Court Reporter to use, the Remote Deposition Exhibit Platform to mark and publish all electronic exhibits that are used during the Remote Deposition. Exhibits marked and shown to the witness using the Remote Deposition Exhibit Platform shall be attached to the deposition record to the same extent as if the exhibits were physically marked and shown to the witness.

10. The noticing attorney may in addition, at the noticing attorney's discretion, send a sealed envelope prior to the Remote Deposition containing all or a selection of potential exhibits in hard copy.

11. In addition to providing copies of the exhibits according to the preceding paragraph, the questioning attorney may use screenshare technology on the Remote Deposition Video Platform to show the exhibits. The questioning attorney shall be responsible for ensuring that identical versions of such exhibits are sent to the court reporter for marking and inclusion in the record, and shall do so within one day of the conclusion of the Remote Deposition.

12. Except as otherwise provided in this Stipulated Order, no participant shall permit anyone who is not a participant to hear or view the Remote Deposition while it is being conducted.

13. If a technical issue prevents any participant from being able to see or hear one or more of the other participants clearly or to access published exhibits, the participant encountering such technical issue may promptly notify the other participants. If the participant encountering such technical issue is the witness, questioning attorney, defending attorney, court reporter, or videographer, the court reporter shall suspend the Remote Deposition until the technical issue is resolved.

14. If a technical issue prevents defending attorney from hearing a question and/or interposing a timely objection on the record, then defending counsel shall notify the Remote Deposition participants as soon as possible (e.g., by using the chat features of the

video conference or emailing counsel). The defending attorney's objection to that question is preserved if (i) the objection is asserted promptly on the record after the technical issue is resolved, or (ii) if the technical issue cannot be resolved and the Remote Deposition is continued, the objection may be asserted in writing to the questioning attorney and court reporter within three business days of receiving the rough transcript that includes the question at issue.

15. Any time spent addressing technical issues will count as "off the record" time and shall not count against the seven-hour time limit. If a technical issue prevents the questioning attorney or defending attorney from speaking to other participants, the Remote Deposition shall be deemed "off the record" from that time.

16. No participant shall communicate or attempt to communicate with the witness while the Remote Deposition is being conducted through any means other than the Remote Deposition Video and Exhibit Platforms, except (i) that the videographer or operator may communicate with the witness to resolve technical issues through means other than the Remote Deposition Video and Exhibit Platforms; and (ii) while "on the record," the defending attorney who is physically present with the witness may speak directly to the witness so long as the conversation can be heard by all participants through the Remote Deposition Video and Exhibit Platform. Notwithstanding this provision, subject to all otherwise applicable rules, the defending attorney may communicate privately with the witness by any means any time during breaks in the Remote Deposition or if the court reporter otherwise suspends the Remote Deposition.

17. With the exception of the exhibits introduced during the Remote Deposition, the witness will not have before him or her any notes or other documents, and will close all other windows and programs on his or her computer other than any software required to participate in the Remote Deposition. The witness will not have before him or her any electronic devices other than the one required to participate in the Remote Deposition.

18.   The parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual instances.

**IT IS SO ORDERED.**

DATED: May 25, 2023

          /s/ Charles F. Eick
United States Magistrate Judge